CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Richard J. Grant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD J. GRANT,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY ISLE MOTORS, LTD.,<br><br>Defendant. | CIVIL NO. ____________<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

COMPLAINT

COMES NOW, Plaintiff RICHARD J. GRANT, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

NATURE OF CASE

1. Plaintiff RICHARD J. GRANT (hereinafter "GRANT") was at all times mentioned herein a resident of Puunene, Hawaii, and a citizen of the State of Hawaii.

2. Defendant VALLEY ISLE MOTORS, LTD., (hereinafter "VALLEY ISLE"), is a domestic profit corporation incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant VALLEY ISLE on April 1, 2014.

4. Plaintiff was terminated from employment with Defendant VALLEY ISLE on January 31, 2017. Plaintiff was 64 years old at the time of his termination.

JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990 and the Age Discrimination in Employment Act of 1967 (ADEA).

6. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on February 28, 2018.

STATEMENT OF FACTS

7. Plaintiff was hired by Defendant VALLEY ISLE on April 1, 2014.

8. Plaintiff is diagnosed with neuropathy in both feet. This made it difficult to stand and walk. Around the end of 2014, or the beginning of 2015, Plaintiff had surgery to remove a plate and screws in his left foot. The pain worsened and Plaintiff needed surgery on his right foot soon thereafter.

9. Plaintiff had gotten to the point where he could not sit at a desk because of the pain. Defendant VALLEY ISLE was made aware of Plaintiff's disability regarding his feet.

10. Plaintiff was able to work standing up or with his feet elevated.

11. Plaintiff's manager allowed Plaintiff an accommodation and approved him working from home as an accommodation for his disability. Plaintiff was able to perform his work from home.

12. On January 23, 2017, Plaintiff took four days of sick leave due to the pain from nerve damage in his legs and feet. Plaintiff also applied for a three month medical leave of absence to go to the Mayo Clinic for treatment.

13. On January 31, 2017, Plaintiff received a termination letter in the mail, terminating Plaintiff from employment with Defendant VALLEY ISLE.

14. If not for Plaintiff's disability and age, Plaintiff would not have been terminated from employment with Defendant VALLEY ISLE.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

15. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

16. The Americans With Disabilities Act of 1990, prohibits discrimination due to a disability.

17. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

18. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

19. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

20. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and

loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

COUNT II - AGE

21. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

22. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age.

23. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

24. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

25. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

26. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe

anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

27. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff's position with Defendant VALLEY ISLE with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, May 25, 2018.

                                      /s/ Charles H. Brower
                                      CHARLES H. BROWER
                                      MICHAEL P. HEALY
                                      Attorneys for Plaintiff
                                      Richard J. Grant